# Thomas R. Patton v. The City of Philadelphia, Appellant.

*Road law—Damages—Excessive verdict.*

In view of the growing tendency of juries to render excessive verdicts in land damage cases, as well as in actions for personal injuries, it behooves trial courts to freely and promptly exercise their authority in setting aside such verdicts, or in conditionally reducing the amount thereof to such sum as may appear from the evidence to be just and reasonable.

An excessive verdict in a road case should be set aside in the court below. If there are no other errors in the record the Supreme Court will not review the verdict, although in the light of the evidence it may appear unreasonable.

Argued Jan. 17, 1899. Appeal, No. 242, Jan. T., 1898, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1894, No. 1613, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from award of road jury. Before McMICHAEL, J.

At the trial it appeared that the construction of a sewer on

Jasper street necessitated the change of the grade of Tioga street. The evidence tended to show that the result of the change of grade of Tioga street was to leave the plaintiff's land in a depression. A number of expert witnesses testified that the property had depreciated in value the amount that it would cost to bring the depressed portion of the land up to the grade of the street.

John H. Dye, called by plaintiff, testified as follows:

" Q. In point of fact, then, there was no creek on Mr. Patton's grounds when you made the survey in February, 1893 ? A. No, sir. Q. The sewer had been constructed through his ground ? A. Yes, sir. Q. And other sewers had been constructed to the north ? A. Yes, sir. Q. Had or had not other sewers relieved this property from the water which formerly flowed through the creek ? "

Defendant objected to the question because its effect in its present form is leading, and because it is not important what was the cause of the fact that there was no water on this property.

By the Court : Mr. Dye said in his examination that there had been a little creek there, and that the building of the sewer took the water away from the creek. Do you want to develop that further ?

Mr. Alexander, of counsel for plaintiff : Yes, sir ; I wanted to know whether the building of sewers prior to the filling of Tioga street had not relieved this property of water ; in other words, I want to show the physical condition of this property at that time.

By the Court : Objection overruled. Exception for defendant. [2]

Nathaniel B. Crenshaw, called by plaintiff, testified in chief as follows :

" Q. What, in your judgment, was the value of Mr. Patton's entire property prior to the opening of Tioga street and the establishment of the physical grade in 1893 ? A. Twenty-four thousand dollars ; two acres at $12,000 an acre. Q. What, in your judgment, was the value of the property immediately after the opening ? A. Twenty thousand six hundred dollars, making a damage of $3,400, by reason of the opening and change of grade."

On cross-examination he testified:

" Q. How was it practicable to develop Mr. Patton's property without the opening of Tioga street? A. I think Mr. Patton's property could have been used. One method of development would have been to have used it as a factory site. I think it was very eligible for that. It would have had its entrance from Emerald street."

" Q. How could it have been drained, inasmuch as Mr. Patton did not own the next ground? A. As long as that stream was open there, there was natural drainage, which I suppose Mr. Patton had a right to use. Q. Then you mean that the property would have drained by that water course? A. Yes, sir. Q. You do not know of any other method of drainage? A. Of course, by the erection of a sewer, which was done; there would have been another method. Q. With a sewer such as is there now, would it be possible to drain that property?"

Objected to. Objection sustained. Exception for defendant. [3]

David Evans, called by plaintiff, testified as follows:

" Q. What is your business? A. Civil engineer and architect. Q. Do you know the property of Mr. Patton? A. Yes, sir. Q. Have you been upon the ground? A. Yes, sir. Q. Are you familiar with the values of real estate in that neighborhood? A. Somewhat; yes, sir. Q. Are you able to state to the court and jury the value of this property taken as an entirety before the opening of Tioga street, and the establishment of the physical grade, as in the beginning of 1893? A. Yes, sir. Q. State what it is."

Defendant objected to the question because the witness had not been qualified as an expert.

By the Court: You may have an opportunity to cross-examine, if you like.

Mr. Miller: I do not desire to cross-examine as it stands now.

By the Court: Objection overruled. Exception for defendant. [4]

Defendant's points and the answers thereto among others were as follows:

1. The jury must consider the question of benefits, if they find there is no net damages to plaintiff's property, and if net

benefit is received, they must find a verdict for the city and against the defendant in that amount.  *Answer :* Refused. [5]

2. If the jury find that the property of plaintiff was benefited specially by the opening and grading of Tioga street, above and of a different character from any benefit received by the public of the locality, they must find a verdict for the city in that amount.  *Answer :* Refused. [6]

3. A property owner in a city locality has no right to drain his property through the private property of other persons. *Answer :* This point is correctly stated as far as it goes.  That is affirmed as a proposition of law unless it be done with the consent of the adjoining owner. [7]

Verdict and judgment for plaintiff for $2,500.  Defendant appealed.

*Errors assigned* were (2–4) rulings on evidence, quoting the bill of exceptions; (5–7) above instructions, quoting them.

*E. Spencer Miller*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellant.

*Robert Alexander*, of *Alexander & Magill*, for appellee.

PER CURIAM, January 30, 1899:

We are not convinced that there is any error in this record which we should undertake to correct.   Considered in the light of the testimony, the verdict appears to be excessive, but the proper place to have corrected that was in the court below, and not here.   In view of the growing tendency of juries to render excessive verdicts in land damage cases, as well as in actions for personal injuries, it behooves trial courts to freely and promptly exercise their authority in setting aside such verdicts, or in conditionally reducing the amount thereof to such sum as may appear from the evidence to be just and reasonable.

There is nothing in either of the specifications of error that requires discussion.   Neither of them is sustained.

Judgment affirmed.